United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **REINELYS DAIRIS MONTILLA GALARRAGA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-05801** |
| | § | |
| **MARTIN FRINK, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**MEMORANDUM & ORDER**

Before the Court is *pro se* Petitioner Reinelys Dairis Montilla Galarraga's Petition for Writ of Habeas Corpus (ECF No. 1), and Respondents' Motion for Summary Judgment and Response to Petition for Habeas Corpus (ECF No. 7). After considering the briefing and applicable law, the Court hereby **GRANTS** Petitioner's Petition for Writ of Habeas Corpus. Respondents' Renewed Motion for Summary Judgment is **DENIED**.

## I. BACKGROUND

The following narrative is not disputed in this matter. Petitioner Reinelys Dairis Montilla Galarraga is a native and citizen of Venezuela. ECF No. 7-1 at 2. Ms. Montilla Galarraga entered the United States on October 20, 2022, and was arrested by Border Patrol agents that same day. *Id*. at 3. On October 21, 2022, Ms. Montilla Galarraga was paroled due to a lack of detention capacity in the USBP Del Rio Sector. *Id*. at 4.

On January 16, 2025, Ms. Montilla Galarraga plead *nolo contendere* to two counts of Promoting Prostitution in the 290th District Court at Bexar County, Texas. *Id*. at 5. Ms. Montilla

Galarraga was sentenced to two years of incarceration, but as she explains, she was released with "Mandatory Supervision (RMS)" after twenty (20) months. *Id*. at 8; ECF No. 1-1 at 1. Ms. Montilla Galarraga, upon her release from incarceration, was brought to immigration detention, and issued a Notice to Appear in removal proceedings before an Immigration Judge. *Id*; ECF No. 7-1 at 5.

On November 6, 2025, an Immigration Judge ordered Ms. Montilla Galarraga removed to Costa Rica, or in the alternative to Venezuela. ECF No. 7-1 at 37. This order was entered based on Ms. Montilla Galarraga's admissions and concessions, and as the Immigration Judge noted, she made no application for relief from removal. *Id*. Ms. Montilla Galarraga agreed to her deportation and agreed to waive any appeal. ECF No. 1 at 6; ECF No. 7-1 at 38. Ms. Montilla Galarraga's removal order thus became final on November 6, 2025.

On May 13, 2026, Ms. Montilla Galarraga was taken into ICE custody, and remains in ICE custody today. ECF No. 7-1 at 40. Ms. Montilla Galarraga filed her Petition for Writ of Habeas Corpus on July 20, 2026. ECF No 1. She has now had a final removal order for more than nine (9) months and has been in ICE post-removal order detention for approximately three (3) months.

## II. DISCUSSION

Ms. Montilla Galarraga challenges "the fact [she is] still being detained" after signing her deportation order on November 6, 2025, and argues that ICE is unable to remove her to her home country of Venezuela because "there is no current flight to [her] country." ECF No. 1 at 2, 6. She seeks "Zadvydas habeas," asking the Court to order her immediate release under reasonable supervision conditions, or in the alternative, for a bond hearing. *Id*. at 6-7. As the Court understands her, Ms. Montilla Galarraga is challenging her ongoing detention under *Zadvydas*, the case which establishes limitations on how long detention is reasonable once an individual has a final removal order. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

Liberally construing Ms. Montilla Galarraga's *pro se* Petition, the Court accordingly understands Ms. Montilla Galarraga to argue that her detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231, as interpreted by the Supreme Court. Because the Court finds that there is "no significant likelihood of [Petitioner's] removal in the reasonably foreseeable future," the Court will grant her petition for habeas corpus relief. *Zadvydas*, 533 U.S. at 701.

In most circumstances, the Immigration and Nationality Act ("INA") allows the United States Government ninety days to remove a noncitizen following a final order of removal. 8 U.S.C. § 1231(a)(1). The Government may detain noncitizens during this ninety-day removal period. *Id*. The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* In this case, there is no allegation that Ms. Montilla Galarraga has failed to cooperate with the Government in facilitating her removal.

In *Zadvydas v. Davis*, the Supreme Court held that § 1231 authorized detention beyond the statutory removal period for only as long as removal was "reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. The *Zadvydas* Court held that post-removal-order detention that extended beyond six months would be considered presumptively unconstitutional. *Zadvydas*, 533 U.S. at 701. After six months of detention, a noncitizen who presents good reason to believe that there is "no significant likelihood of removal in the reasonably foreseeable future" must be released from custody unless the Government provides evidence sufficient to rebut that showing. *Id.* This is because "where detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was committed." *Id*. at 690 (internal quotation marks omitted). Since the primary goal of detention under § 1231 is to ensure the appearance of

noncitizens at future immigration proceedings, this justification "is weak or nonexistent where removal seems a remote possibility at best."[1] *Id*.

Ms. Montilla Galarraga has been detained pursuant to § 1231(a) since May 2026, well after her removal order became final on November 6, 2025. She has been in post-removal detention for approximately three months, meaning her detention "presumptively reasonable" under *Zadvydas*. But "[t]his six-month presumption is not a bright line, . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) (Ellison, J.); *see Clark v. Martinez*, 543 U.S. 371, 384 (2005) ("*Zadvydas* did not hold that [§ 1231] authorizes detention until it approaches constitutional limits; it held that. . . [§ 1231] authorize[s] detention only for a period consistent with the purpose of effectuating removal."). Just as the Government may overcome the presumption that detention beyond six months is unreasonable by showing that removal is reasonably foreseeable, so too may a noncitizen overcome the presumption that a shorter period of detention is reasonable by showing that detention is no longer consistent with the statutory purpose because removal is not foreseeable. *See, e.g., Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) (noting that "nothing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed"); *Zavvar v. Scott*, No. CV 25-2104-TDC, 2025 WL 2592543, at *5 (D. Md. Sept. 8, 2025) (stating that six month presumption of reasonability "is rebuttable"); *Ali*, 451 F. Supp. 3d at 707 (holding that a three-month period of post-removal order detention was unreasonable because

[1] While preventing danger to the community is also a goal of § 1231, the Zadvydas Court noted that it has upheld "preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 691.

removal was no longer possible in the foreseeable future where petitioner's country of origin had closed its borders to international flights due to the COVID-19 pandemic).

Thus, the key question before the Court is whether Ms. Montilla Galarraga has shown that her removal is sufficiently unlikely, such that her detention is not reasonably related to effectuating removal. In support of her argument for "Zadvydas habeas," Ms. Montilla Galarraga points out that there are no flights to Venezuela, Ms. Montilla Galarraga's country of origin. ECF No. 1 at 6.

The burden therefore shifts to the Government to demonstrate that Ms. Montilla Galarraga's removal is reasonably foreseeable. In their original briefing on this matter, Respondents argue that Ms. Montilla Galarraga's detention is lawful under *Zadvydas* because the Government has plans to remove Ms. Montilla Galarraga in the "reasonably foreseeable future." ECF No. 7 at 5. During the August 21, 2026, hearing, the Government explained that Venezuela is not accepting deportations at this time. *See* Minute Entry of August 21, 2026. The Government further argued that Ms. Montilla Galarraga's detention remains reasonable for three (3) more months from the date of the hearing under the *Zadvydas* six-month presumption, and that it may become possible to deport Petitioner to her home country of Venezuela during that time. *Id*. However, at *this* time, the Government is unable to say when Venezuela may begin accepting deportations again. *Id*. The Court is not persuaded that this possibility rises to the level of reasonable foreseeability required to justify continued detention. Without removal being reasonably foreseeable, *Zadvydas*' six-month presumption is of no assistance to the Respondents, and Ms. Montilla Galarraga's continued detention is unreasonable.

## III. CONCLUSION

Under these circumstances, the Court concludes that there is no likelihood that Ms. Montilla Galarraga will be removed in the reasonably foreseeable future. Her continued detention is therefore unreasonable under the INA and *Zadvydas*.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify him of the time and place of his release **no less than three hours** prior. Petitioner must be given the opportunity to inform a friend or family member of the timing and location of his release.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents shall update the Court on the status of Petitioner's release on or before August 27, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on August 24, 2026.

Keith P. Ellison
United States District Judge